IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 18-10129-EFM

GUILLERMO D. ANDRADE

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Guillermo D. Andrade's Motion to Reduce Sentence (Doc. 58). He contends that he is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. The government opposes Defendant's motion for sentence reduction. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On December 13, 2018, Defendant pleaded guilty to possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). According to Defendant's Presentence Investigation Report ("PSR"), he had a criminal history score of 0 and a criminal history category of I. Based upon his total offense level of 33 and criminal history category of I, his sentencing guideline range was calculated at 135-168 months. On March 14, 2019, the Court sentenced

Defendant to 108 months' imprisonment. On January 23, 2024, Defendant filed this motion seeking a reduction in his sentence.

Defendant states that his sentence should be reduced because he is eligible for a two-point reduction under Part B of Amendment 821 of the revised sentencing guidelines. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[1] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[2]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[3] Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[4]

Defendant is indeed a zero-point offender, but he is still not entitled to relief. Pursuant to § 4C1.1, an adjustment for certain zero-point offenders is only warranted if all the criteria are met.[5] One of the requirements is that "the defendant did not receive an adjustment under § 3B1.1

---

[1] 18 U.S.C. § 3582(c)(2).

[2] *Id.*

[3] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[4] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited April 2, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[5] *See* U.S.S.G. § 4C1.1(a)(1)-(10) (stating that if the defendant meets *all* ten requirements, the defendant's offense level will be decreased by two levels).

-3-

(Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848."[6] According to Defendant's PSR, he received a two-level enhancement pursuant to § 3B1.1. Thus, Defendant is ineligible for a sentence reduction.[7]

In addition, Defendant was sentenced to 108 months' imprisonment. Under the amended guidelines, even if Defendant's total offense level was reduced by two points from 33 to 31,[8] Defendant's guideline range would be 108-135 months' imprisonment. Pursuant to 18 U.S.C. § 3582(c)(2), the Court may only reduce a sentence if it "is consistent with applicable policy statements issued by the Sentencing Commission." And U.S.S.G. § 1B1.10(b)(2)(A) states that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." Because Defendant's was already sentenced to the lowest amended minimum guideline range, Defendant is not eligible for a reduction in sentence. Accordingly, the Court dismisses Defendant's motion.[9]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction (Doc. 58) is **DISMISSED**.

---

[6] U.S.S.G. § 4C1.1(a)(10).

[7] *See United States v. Urias-Avilez*, 2024 WL 626165, at *2 (D. Kan. 2024) (finding that the defendant was ineligible for relief under Amendment 821 because he received an aggravating adjustment under § 3B1.1); *United States v. Read-Forbes*, 2024 WL 382638, at *1 (D. Kan. 2024) (same).

[8] Defendant erroneously states that his total offense level was 31 and should be reduced to 29.

[9] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS SO ORDERED**.

Dated this 4th day of April, 2024.

                                                  ERIC F. MELGREN
                                                  CHIEF UNITED STATES DISTRICT JUDGE